Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
Without Representation

FILED
2009 OCT 16 AM 11: 21
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

In re:

KATHERINE CHRISTENSEN
               Plaintiff

V.

JP MORGAN CHASE & CO. its
assignees and/or successors
               Defendant

CASE NO. 09-21818 RTB

MOTION FOR COMMENCEMENT
OF ADVERSARIAL PROCEEDING

Plaintifff KATHERINE CHRISTENSEN, respectfully submits this MOTION FOR COMMENCEMENT OF ADVERSARIAL PROCEEDING. Plaintiff objects to any and all claims because JP MORGAN CHASE & CO. Defendant has never produced the original note or responded to any of the numerous lawful requests submitted under Notary Seal and Presentment for debt validation as per Title 12 and Title 15. To begin the Adversarial Proceeding Plaintiff requests Discovery starting from when the account was at $0 until the present. Defendant's forensic accounting should state everything that is in their records, including but not limited to everything that has been withheld from Plaintiff.

DATED: October 16, 2009

                                                                     *Katherine Christensen*
                                                                     Katherine Christensen

List of Violations Under Which Damages Are Sought.
Damages are to include but are not limited to the items listed below.
Plaintiff reserves the right to amend the causes of action and remedies sought.

Title 18 Section 1346 Failure to provide honest service
Title 18 Section 1661 Robbery Ashore
Title 18 Section 1652 Citizens as Pirates
Title 18 Section 1595 Civil Remedy
Title 18 Section 1593 Mandatory Restitution
Title 18 Section 894 Collection of Extensions of Credit by Extortionate Means
Title 18 Section 893 Financing extortionate extensions of credit
Title 18 Section 891 Definitions and rules of construction
Title 18 Section 892 Making extortionate extensions of credit
Title 18 Section 880 Receiving the proceeds of extortion
Title 18 Section 878 Threats and extortion against foreign officials, official guests or internationally protected persons
Title 18 Section 876 Mailing threatening communications
Title 18 Section 875 Interstate communications
Title 18 Section 872 Extortion by officers or employees of the United States
Title 18 Section 666 Theft or bribery concerning programs receiving Federal funds
Title 18 Section 514 Fictitious obligations
Title 18 Section 513 Securities of the States and private entities
Title 18 Section 495 Contracts, deeds, and power of attorney
Title 18 Section 494 Contractors bonds, bids, and public records

List of Violations Under Which Damages Are Sought.
Damages are to include but are not limited to the items listed below.
Plaintiff reserves the right to amend the causes of action and remedies sought.

~~Title 18 Section 1346 Failure to provide honest service~~

Title 18 Section 493 Bonds and obligations of certain lending agencies

Title 18 Section 483 Uttering counterfeit foreign bank notes

Title 18 Section 479 Uttering counterfeit foreign obligations or securities

Title 18 Section 401 Power of court

Title 18 Section 371 Conspiracy to commit offense or to defraud the United States

UCC 1-304 Obligations of Good Faith
 1-305 Remedies to be liberally administered
 1-307 Prima Facie Evidence by third Party Documents
 1-309 Option to Accelerate at will

Provisions Pertinent to UCC Article 7 and Article 9 - violations which Discovery will evidence and support

Title 18 Section 241 Conspiracy Against Rights
Title 18 Section 246 Depravation of Rights under Color of Law

I, Katherine Christensen the Real Party in Interest does hereby state that upon completion of Discovery will amend causes of action to reflect items discovered and damages associated with all violations of federal and State Law.

2

FORM 104 (10/06)     Case No. 09-21818 RTB     AZB

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br>FILED<br>2009 OCT 16 AM 11:21<br>CLERK<br>U.S. BANKRUPTCY<br>DISTRICT OF ARIZONA |
|---|---|
| **PLAINTIFF(S)**<br>Katherine Christensen | **DEFENDANT(S)**<br>JP MORGAN CHASE & CO. |
| **ATTORNEY(S)** (Firm Name, Address, and Telephone No.)<br>Without Representation | **ATTORNEY(S)** (If Known)<br>UNKNOWN |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Trustee   ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Trustee   ☒ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. Recovery of money/property Section 548
2. Recovery of money/property Other
3. Injunctive Relief to prevent the eviction from my property while Discovery is taking place
4. Declaratory Judgement
5. Other actions, see attached list and Violation of 4th and 5th amendments and others to be determined after forensic audit is completed

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy.
A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.

**FRBP 7001(1) – Recovery of Money/Property**
   11 - Recovery of money/property - § 542 turnover of property
   12 - Recovery of money/property - § 547 preference
1. 13 - Recovery of money/property - § 548 fraudulent transfer
2. 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
   21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
   31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
   41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
   51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
   66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
   62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
   67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
   continued next column

**FRBP 7001(6) – Dischargeability (continued)**
   61 - Dischargeability - § 523(a)(5), domestic support
   68 - Dischargeability - § 523(a)(6), willful and malicious injury
   63 - Dischargeability - § 523(a)(8), student loan
   64 - Dischargeability - § 523(a)(15), divorce/sep property settlement/decree
   65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
   71 - Injunctive relief - reinstatement of stay
3. 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
   81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
4. 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
   01 - Determination of removed claim or cause

**Other**
   SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq.
5. 02 - Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ To be determined by Trustee when full forensic accounting and discovery have been completed. |

**Other Relief Sought**
Full reconveyance of property back to the Real Party in Interest which is me Katherine Christensen
Injunctive relief against all previous, present and successive actors who have no standing and possess no lawful claim
Damages including but not limited to the items on the attached list

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Katherine Christensen || BANKRUPTCY CASE NO.<br>09-21818 |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Arizona | DIVISIONAL OFFICE | NAME OF JUDGE<br>Baum |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Katherine Christensen* |||
| DATE<br>October 15, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Katherine Chriistensen ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.